UNITED STATES (RANDOLPH v.). See Case No. 11,562.

UNITED STATES (RANSOM v.). See Case No. 11,574.

---

## Case No. 16,121.

UNITED STATES v. RATHBONE et al.

[2 Paine, 578.] [1]

Circuit Court, S. D. New York. June Term, 1828.

CONSTITUTIONAL LAW—JURY TRIAL IN CIVIL CASES—WAIVER OF RIGHT—EFFECT OF STATE LAWS.

1. The right to trial by jury, secured by the constitution of the United States, is for the benefit of the parties litigating in courts of justice, and may be waived by them.
[Cited in Kearney v. Case, 12 Wall. (79 U. S.) 281.]
. [Cited in Com. v. Dailey, 12 Cush. (66 Mass.) 83.]

2. Whenever a party is concluded by his own act, and held to have waived any right or privilege, such act should not be left doubtful, but should plainly and explicitly appear; and every reasonable presumption will be made against the waiver, especially when it relates to a constitutional right.
[Cited in Mehlin v. Ice, 5 C. C. A. 403, 56 Fed. 20.]

3. A state law cannot take away rights and privileges secured by the constitution and laws of the United States.
[Cited in St. Paul & S. C. R. Co. v. Gardner, 19 Minn. 132 (Gil. 99).]

4. The constitution and laws of the United States having secured to parties the right to trial of issues of fact by jury, the United States courts cannot deprive them of that right by referring such issues to referees.
[Followed in Howe Mach. Co. v. Edwards, Case No. 6,784. Cited in St. Louis Electric Light & Power Co. v. Edison General Electric Co., 64 Fed. 1004.]
[Cited in Holmes v. Hunt, 122 Mass. 520; St. Paul & S. C. R. Co. v. Gardner, 19 Minn. 132 (Gil. 99); Copp v. Henniker, 55 N. H. 214.]

5. The reference act of New York is not at variance with the constitution of that state.

[Error to the district court of the United States for the Southern district of New York.]
[This was an action by the United States against William P. Rathbone.]

THOMPSON, Circuit Justice. The general question presented by the record sent up from the district court is, whether that court had authority to order the cause to be referred to referees. It has been urged, however, on the part of the defendants in error, that this general question does not necessarily arise in this case, for that by the record it appears that the reference was by consent of parties, and not the act of the court. If such be the fair construction of this record, the judgment ought not certainly to be reversed. For, admitting the court had no authority to order the cause referred, yet there can be no doubt this could be done by the consent of parties. It is not a question of jurisdiction, but simply whether the parties will waive the right of trial by jury, and resort to that of trial by referees. The right of trial by jury, secured by the constitution of the United States, is for the benefit of the parties litigating in courts of justice, and is a privilege they may dispense with if they choose. This is a proposition too clear to require any argument or authority in support of it; but if any was wanted, it is found in the case of Bank of Columbia v. Okely, 4 Wheat. [17 U. S.] 235.

The first inquiry then is, whether it is fairly to be inferred from the record, that the reference was by consent of parties. If we look at the rule of court by which the reference was ordered, and which comes up as a part of the record in the court below, it will be seen that the cause was referred on the application of the defendants, and upon notice given to the opposite party of the intended motion; which clearly shows a hos-

---

[1] [Reported by Elijah Paine, Jr., Esq.]

tile proceeding, and is at war with any presumed consent. But if this rule is not to be taken as a part of the record, technically considered, still it appears to me that the record proper does not show such consent on the part of the plaintiffs below as to preclude them from taking the exception here. Whenever a party is concluded by his own act, and held to have waived any right or privilege, such act should not be left doubtful, but should plainly and explicitly appear. Every reasonable presumption should be made against the waiver, especially when it relates to a right or privilege deemed so valuable as to be secured by the constitution. The record, so far as it relates to the reference, states that, "it now appearing probable to the court here that the trial of the matters aforesaid, between the parties aforesaid, will require the examination of a long account, it is therefore ordered by the same court, now here, that the matters aforesaid, in controversy between the parties aforesaid, be and the same are referred, according to the statute in such case made and provided, to J. G. S., &c., referees agreed upon and named by the parties aforesaid, to hear and examine the matters aforesaid, and report," &c. The statute here referred to in the record must be the statute of the state, for there is no act of congress on the subject; and it is reasonable to conclude, from this form of record, that the state practice under that statute has been pursued throughout; and the record shows no more than that the parties agreed upon the referees. The appointment of referees was necessarily, in order of time, an act posterior to the order to refer, and does not imply an assent to such order. The record states that order to have been the act of the court, founded upon the fact that it appeared probable that the trial of the matters in controversy would require the examination of long accounts, and not upon the agreement or consent of parties.

The examination of long accounts is the ground upon which a reference is authorized, under the state law; and it was evidently this law and the state practice under it by which the district court was governed. That law could not, however, control the rights of parties in the courts of the United States, and take away privileges secured by the constitution and laws of the United States. I think, therefore, that the plaintiffs in error are not precluded by any consent they have given to the order of reference, from raising that objection here; and the question is open for consideration, whether the district court had authority to order the reference against the consent of either party. The convenience and utility of adopting this mode of trial by referees, where the controversy involves the examination of long accounts, have led me to look at the question with a wish to find the practice sanctioned by the constitution and laws of the United States, but have not been able to find any ground upon which

such authority can be sustained. The constitution (Amend. art. 7) declares that, in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved; and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law.[2] And the judiciary act of 1789 (2 Bior. & D. Laws, 60 [1 Stat. 73]) provides for the trial of issues of fact in all the courts of the United States, in conformity with this provision. The ninth section declares that the trial of issues of fact in the district courts, in all causes except civil causes of admiralty and maritime jurisdiction, shall be by jury. The twelfth section contains the like provision for trials in the circuit courts: "The trial of issues in fact in the circuit courts, shall, in all suits, except those of equity and of admiralty and maritime jurisdiction, be by jury." And the thirteenth section declares that the trial of issues in fact in the supreme court, in all actions at law against citizens of the United States, shall be by jury.

These provisions are too plain to be mistaken, and too positive to be disregarded. If the power to order a cause referred to referees in any case whatever, is possessed by the courts of the United States, where is the limitation of that power to be found? There is no act of congress on the subject, even admitting the constitution not to stand in the way of such a law. There is no law restricting this power to cases involving the examination of long accounts; and if the power exists at all, it may be exercised in every case, and the trial by jury abolished by the courts. The thirty-fourth section of the judiciary act, which declares, "that the laws of the several states, except where the con-

[2] The provisions in the constitution of the United States, that no person shall be deprived of his property without due process of law; that private property shall not be taken for public use without just compensation; and that in suits at law, where the amount in controversy exceeds $20, the trial by jury shall be preserved, are restrictive only upon the general government and its officers. Livingston v. Mayor, etc. of New York, 8 Wend. 85. The trial by jury, secured by the constitution of this state, applies only to cases of trials or issues of fact in civil and criminal proceedings in courts of justice, and has no relation to assessments of damages of the owners of property taken for streets or other public use. The mode of ascertaining such damages belonging to the legislature, they may direct the assessment by a jury, or by commissioners. Id. The words, "by the law of the land," and "by due course and process of law," contained in the constitution, import a suit, trial and judgment, according to the course of the common law. Taylor v. Porter, 4 Hill, 140. The constitution of this state (article 7, § 2) relating to the right of a trial by jury, &c., has no reference to proceedings intended merely to prevent the commission of offences. Duffy v. People, 1 Hill, 355. A statute authorizing a magistrate, summarily and without jury, to convict one who has abandoned his family, of being a disorderly person, and to require from him sureties for good behavior, is not unconstitutional. Id.

stitution, treaties, or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law in the courts of the United States, in cases where they apply," has no application whatever to this case, so as to require the adoption of the state law on the subject. [Wayman v. Southard] 10 Wheat. [23 U. S.] 24; Serg. Const. Law, 149, 150, and cases there cited. And that law, at all events, falls within the excepted cases; the constitution and laws of the United States having provided for trial of issues in fact by jury, instead of by referees. How far this view of the case may affect the validity of the state law is a point not drawn in question, or intended to be considered. Although the constitution of the state of New York secures the trial by jury (article 41), it is a modified provision not at variance with the reference act; it declares, "that trial by jury, in all cases in which.it hath heretofore been used in the colony of New York, shall be established, and remain inviolate forever." And references were authorized under the colonial laws as early as the year 1768. See 2 R. L. 516, note, and Id. (U. S. Ed.) 517.³

In whatever light this case is considered, I can find no ground upon which .the order of the district court, referring the cause to referees for trial, can be sustained. The judgment must, accordingly, be reversed, and a venire de novo issued returnable in this court.

---

³ The right to refer is not unconstitutional. The provision in the constitution of the United States relates to such courts only as .sit under the authority of the United States. As to the provision in the constitution of the state, requiring that "the trial by jury, in all cases in which it has been heretofore used, shall remain inviolate forever," the answer is, that references were sanctioned by statute, and practiced by the courts, long before the adoption of the constitution. Lee v. Tillotson, 24 Wend. 337. At all events, it is too late to object on the ground of unconstitutionality, when the parties have mutually consented to the reference in writing. Id. A reference can be had only in cases of accounts existing between the parties; actions of tort are not referable: Silmser v. Redfield, 19 Wend. 21. Where an action of tort is referred, and a report obtained, the plaintiff cannot enter a rule for judgment thereon, unless expressly authorized by the rule of reference; nor will the court, in an action of tort, review the doings of the referees. Id. If the trial requires the examination of a long account between the parties, although the action be covenant, it seems a reference would be ordered. Thomas v. Reab, 6 Wend. 503. In cross actions and cross applications for a reference, a joint reference will be made, and the referees authorized to hold their meetings so as to accommodate the parties. Hart v. Trotter, 4 Wend. 198. In an action upon a policy of insurance, if the defendants admit their liability for the loss, and the controversy relates only to items of injury, and the amount of loss sustained by the assured, the court will refer the matter to referees to adjust the amount. Samble v. Mechanics' Fire Ins. Co., 1 Hall. 560. In mixed questions of law and fact, where long accounts are involved, it is the practice of the court to hear the cause until the questions of law are disposed of, and then refer the accounts to referees. Id.