HOWELL (UNITED STATES v.). See Case No. 15,406.

HOWELL (WARNER v.). See Case No. 17,-184.

———

## Case No. 6,784.

### HOWE MACH. CO. v. EDWARDS.

[15 Blatchf. 402; 7 Reporter, ·420.] [1]

Circuit Court, S. D. New York. Dec. 11, 1878.

POWER OF COURT TO REFER SUIT TO A REFEREE —CONSENT OF BOTH PARTIES.

1. This court has no authority to refer a suit at common law to a referee for trial, without the consent of both parties to the suit.

2. Such authority is not conferred by section 5 of the act of June 1, 1872 (17 Stat. 197), now section 914 of the Revised Statutes of the United States, although, in a like suit in the courts of the state of New York, there might be such a reference without the consent of both parties.

[This was an action at law by the Howe Machine Company against John N. Edwards.]

Branch & Branch, for plaintiffs.
Childs & Hull, for defendants.

BLATCHFORD, Circuit Judge. In this suit, the plaintiffs move for an order that this action be referred to one or more referees, to hear and determine all the issues in the cause. The action is one at common law. The ground of the motion is, that the trial of the issues in the action will necessarily involve the examination of a long account. The issues are issues of fact, joined by proper pleadings., Section 1,013 of the Code of Procedure of the state of New York provides, that the court may, on the application of either party, without the consent of the other, direct a trial of the issues of fact by a referee, where the trial will require the examination of a long account on either side, and will not require the decision of difficult questions of law.

This suit was commenced in a court of the state, and was removed into this court, under the act of March 3, 1875 (18 Stat. 470). The 3d section of that act provides, that, when the cause reaches this court, it shall proceed here in the same manner as if it had been originally commenced in this court. The 6th section of the act is to the same effect. The view on the part of the plaintiff is, that as, by section 914 of the Revised Statutes of the United States, the practice, pleadings and

<hr>

[1] [Reported by Hon. Samuel Blatchford, Circuit Judge. and here reprinted by permission. 7 Reporter, 420, contains only a partial report.]

forms and modes of proceeding in this cause are required to conform, as nearly as may be, to the practice, pleadings and forms and modes of proceeding existing at the time in the courts of record of this state, this court has the power to order the reference that is asked for, against the consent of the defendant. The defendant does not consent to the reference, either orally or in writing, but opposes it, and insists on his right to a trial by a jury in this case.

Prior to the passage of the act of June 1, 1872, the provisions of the 5th section of which (17 Stat. 197) are now embodied in section 914 of the Revised Statutes, it was well settled, that a circuit court of the United States had power, with the consent of the parties to a cause, to refer a cause to a referee, to hear and determine all the issues therein. Alexandria Canal Co. v. Swan, 5 How. [46 U. S.] 83, 89; Heckers v. Fowler, 2 Wall. [69 U. S.] 123. But no case can be found which holds that a court of the United States could make such a reference against the will of a party, or without his consent. On the contrary, in U. S. v. Rathbone [Case No. 16,121], in this court, it was held that a federal court had no power to order a cause to be referred, without the consent of the parties, although it might do so with their consent. In that case, the district court, on the ground that the case would require the examination of long accounts, had ordered a reference, without the consent of the plaintiffs, on the application of the defendants. This court, on writ of error, held that the district court had no such power. Mr. Justice Thompson, in his opinion in that case, cites the provision of the seventh amendment to the constitution of the United States, which provides, that, "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved, and no fact tried by a jury shall be otherwise re-examined in any court of the United States, than according to the rules of the common law." He also cites the provisions of the 9th and 12th sections of the judiciary act of September 24, 1789 (1 Stat. 77, 80), that the trial of issues of fact in the circuit and district courts, in suits at common law, "shall be by jury." He then says: "These provisions are too plain to be mistaken, and too positive to be disregarded. If the power to order a cause referred to referees, in any case whatever, is possessed by the courts of the United States, where is the limitation of that power to be found? There is no act of congress on the subject, even admitting the constitution not to stand in the way of such a law. There is no law restricting this power to cases involving the examination of long accounts; and, if the power exists at all, it may be exercised in every case, and the trial by jury abolished by the courts." He then refers to the 34th section of the act of 1789, which provides, that "the laws of the several states, except where the constitution, treaties or statutes of the United States shall otherwise require or provide, shall be regarded as rules of decision in trials at common law, in the courts of the United States, in cases where they apply," and says that that section has no application to the case, so as to require the adoption of the state law on the subject; and that the state law falls within the cases excepted in the section, because the constitution and laws of the United States have provided for the trial of issues of fact by a jury, instead of by referees. These views are sanctioned by the opinion of the supreme court, in Bank of Hamilton v. Dudley's Lessee, 2 Pet. [27 U. S.] 492, 525.

It is provided by section 648 of the Revised Statutes, that "the trial of issues of fact in the circuit courts shall be by jury, except in cases of equity and of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy, and by the next section." Section 649 provides for the waiving of a jury by a stipulation in writing, and for the trial of issues of fact, in civil cases, in a circuit court, by the court, without a jury, when such a stipulation waiving a jury is made. After the act of 1872 and section 914 of the Revised Statutes were enacted, it was provided by the act of March 3, 1875 (18 Stat. 471, § 3), that "the trial of issues of fact in the circuit courts shall, in all suits, except those of equity and of admiralty and maritime jurisdiction, be by jury."

In view of the foregoing decisions and statutes, it cannot be held, that this court has the power to order a reference in this case, or to deprive the defendant of his right to a trial by jury, without his consent. The question of the right to a trial by jury, in such suits at common law as are mentioned in the seventh amendment to the constitution of the United States, is not such a matter of practice, or such a form or mode of proceeding, as is referred to in section 914 of the Revised Statutes. Congress has no power, directly or indirectly, to deprive a party, without his consent, of the right to a trial by jury, which such amendment says shall be preserved; and it is not to be presumed, that congress intended, by section 914, to do such a thing. Such right has always been studiously preserved, and its waiver has always been made to depend on the consent of the party. These views of the scope of section 914 are sanctioned by the observations of the supreme court, in regard to that section, in Nudd v. Burrows, 91 U. S. 426, 441, and in Indianapolis R. Co. v. Horst, 93 U. S. 291, 299.

It follows, that the motion for a reference must be denied.