## SIMMONS *v.* MORRISON.

---

PRACTICE; ACCOUNTING; REFERENCE TO AUDITOR; CONSTITUTIONAL LAW; RULES OF COURT, CONSTRUCTION OF.

1. Where in a suit upon a contract by which it is claimed the defendant agreed to indemnify the plaintiff from loss by reason of his becoming surety on a bond conditioned upon the performance of a contract for building certain houses, the cost of building the houses, and the expenditures and disbursements made by the plaintiff on account thereof, are material features to determine the defendant's liability, by reason of the plaintiff's having had to complete the houses upon the default of the original contractor, it is not error for the trial court to refer the cause to the auditor to state an account between the parties, in order that the costs of each of the houses may be ascertained, under a rule of court providing that "in actions at law, grounded upon an account, or in which it may be necessary to examine and determine upon accounts between the parties, the court, in its discretion, at any stage of the cause,

may order the accounts and dealings between the parties to be audited and stated;" and it is immaterial that there are several issues in the case, some of them, such as that of fraud, entirely independent of the accounting.

2. Rule 46 of the common law rules of the Supreme Court of this District, allowing such reference to the auditor, is not unconstitutional as substituting a trial by the auditor, or by the auditor and court, for trial by jury, as its purpose is not to deny to parties any substantial right to which they are entitled, but to elicit and to formulate the true and substantial issues between them, if any such there are, for the consideration of the jury.

3. In construing a rule of court great weight is to be given to the opinion of the court by which it has been made and whose practice it has been intended to regulate.

No. 794. Submitted May 18, 1898. Decided June 7, 1898.

HEARING on an appeal (specially allowed) from an order referring the cause in which it was made, to the auditor to state an account between the parties. *Affirmed.*

The COURT in its opinion stated the case as follows:

This is an interlocutory appeal (specially allowed) from an order of the Supreme Court of the District of Columbia in a suit at common law, whereby, after issue joined between the parties, and upon the motion of the plaintiff in the cause, William C. Morrison, the appellee here, against the objection of the defendant, Leo Simmons, here appellant, the court referred the cause to the auditor of the court for the statement of an account between the parties.

The suit was instituted on November 20, 1895, to recover from the appellant, Leo Simmons, as surety for his brother, one Joseph A. Simmons, on a written contract of suretyship incorporated into the declaration filed in the case. The declaration alleges that Joseph A. Simmons had entered into a contract to erect eighteen houses on some lots in the City of Georgetown, belonging to a syndicate therein mentioned; that he was required to give bond for the faithful performance of the contract, and he requested Morrison, the plaintiff in the cause, to become his surety on the bond;

that Morrison consented so to do, provided the appellant, Leo Simmons, should also become surety on the bond, and should agree to hold him (Morrison) harmless; that Leo Simmons so agreed in writing, and Morrison thereupon executed the bond with Joseph A. Simmons; that the latter failed in the execution of the contract, and Morrison was compelled, as surety, to take charge of the work and to complete the houses, which he did; and that he did so at a loss to himself of $13,834.03, which he claimed to recover from the defendant, Leo Simmons, upon his written guarantee.

The defendant pleaded the general issue, and filed with his plea an affidavit, in which he outlined his grounds of defense. These included an allegation of want of consideration, fraudulent concealment of facts, and the abrogation of the agreement between Morrison and Joseph A. Simmons by a new arrangement entered into between these two.

Issue was joined; and the case was permitted to rest for upward of two years.

Then, on February 24, 1898, the plaintiff, Morrison, filed an affidavit, in which he set forth a condition of things that involved a long and complicated account between himself and Joseph A. Simmons arising out of the transaction of the construction of the houses referred to in the declaration; and based upon this affidavit, a motion was made on his behalf to refer the cause to the auditor of the court "under the forty-sixth common law Rule of court, to state the account of all moneys received and expended in and about the erection of the eighteen houses mentioned in these proceedings." For it appeared from Morrison's affidavit that there were both receipts and expenditures of money by him, and loans and conveyances made, which would justify an accounting between the parties.

The court thereupon made the following order: "On motion of the plaintiff, the defendant objecting thereto, it is ordered that the accounts and dealings between the parties

to the above-entitled cause, involving the cost of those certain eighteen houses in the proceedings mentioned, be audited and stated by the auditor of this court, so that the cost of each of said houses may be ascertained and fixed in such audit."

The specification here of the purpose of the audit has reference to the special provisions of the contract of suretyship or guarantee entered into between the plaintiff and defendant, which was as follows:

"To WM. C. MORRISON, Esq.

"As was agreed between you and myself, I hereby agree to hold you harmless and to be responsible to you as bondsman (to the Cooke Park syndicate for Joseph A. Simmons for the sum of $10,000, ten thousand dollars), for all amounts over and above the sum of two thousand dollars ($2,000), that each of the 18 houses to be erected by said Simmons on lots 39 to 56, in Cooke Park, shall cost, and will advance the balance of cost of each of said houses over and above the said amount of $2,000 to said Simmons, when the houses are completed.

"(Signed)     LEO SIMMONS."

From the order of reference the present appeal has been allowed and prosecuted, the contention of the appellant being that the rule of court under which the reference was made is not applicable to cases like the present, and that it is violative of the constitutional provision for trial by jury.

*Mr. Arthur A. Birney* and *Mr. A. S. Worthington* for the appellant.

*Mr. R. Ross Perry* and *Mr. Samuel Maddox* for the appellee.

Mr. Justice MORRIS delivered the opinion of the Court:

The forty-sixth of the common law rules of the Supreme Court of the District of Columbia, under which this proceeding has been had, is in the following terms:

"In actions at law brought or hereafter to be brought, grounded upon an account, or in which it may be necessary

to examine and determine upon accounts between the parties, the court, in its discretion, at any stage of the cause, may order the accounts and dealings between the parties to be audited and stated by the auditor of the court, or by a special auditor or auditors to be appointed by the court; and when such order shall be made in any case, the course of proceeding before such auditor or auditors shall be the same therein, and such auditor or auditors shall have the same powers and duties in the premises as in similar cases referred to the auditor in chancery by the court sitting in equity. When such audit shall be completed the auditor or auditors shall state and file the report and account in the clerk's office, and give notice thereof to the parties or their attorneys, and the clerk shall note the time the same is filed in the docket; and at the expiration of thirty calendar days thereafter judgment may be entered on motion of either party in accordance with such report and account, either by the court or by a justice at chambers, unless exceptions are filed thereto within said time for errors of law or of fact therein; and the party so excepting shall state therein definitely, in precise and distinct terms, the grounds of such exceptions, and shall point out particularly the item or items in such report and accounts to which they are taken, and shall annex thereto a certificate of counsel that, in his opinion, the matters of law therein stated are well founded in law; and an affidavit of such party that such exceptions are not interposed for delay; and that the allegations of fact in such exceptions are true; and shall serve a copy thereof on the opposite party or his attorney.

"Sec. 2. When such exceptions are so filed the court shall then enter the cause on the trial calendar of the term in its proper place, and the issues made by such exceptions shall be tried and determined in the same manner as other issues of law or of fact in action at law, and any part of such report and accounts not so excepted to shall be adjudged to be conclusive between the parties on such trial.

"Sec. 3. If only general, immaterial, or frivolous excep-
tions are made . . . they may be overruled . . .
and judgment entered as if no exceptions had been filed."

This rule was promulgated by the Supreme Court of the
District of Columbia on May 7, 1883, in view of a cause of
*McCullough* v. *Groff*, 2 Mackey, 361, decided by it on that
day, and wherein the infirmities of a previous rule on the
same general subject had come under consideration. This
previous rule was in the following terms:

"Where it may be necessary to examine and determine
on mutual accounts between the parties, the court may
discharge the jury and order the accounts and dealings be-
tween the parties to be audited and stated by the auditor of
the court, or by an auditor or auditors appointed in the
special case; and there shall be such proceedings thereon
as in cases of actions of account."

And both were based upon the twelfth section of the act of
Maryland of 1785, Chap. 80, which is as follows:

"Sec. 12. That in all actions brought or hereafter to be
brought in any court of law of this State, grounded upon
an account, or in which it may be necessary to examine
and determine upon accounts between the parties, it shall
and may be lawful for the court where such action may be
or remain for trial, to order the accounts and dealings be-
tween the parties to be audited and stated by an auditor or
auditors to be appointed by such court, and there shall be
such proceedings thereon as in cases of actions of account."

It is argued on behalf of the appellant that this rule, as
it now exists, is not applicable to the present case, and that
it is unconstitutional as being in derogation of the constitu-
tional guarantee of trial by jury.

1. It is claimed, in the first place, that the present case is
neither grounded upon an account nor one involving ac-
counts between the parties, so as to bring it within the

terms or the purview of the rule. And it is argued substantially that the present rule does not differ from that which it superseded, in the requirement of "mutual accounts between the parties" as a preliminary to a reference to the auditor.

The former rule undoubtedly, by its express terms, referred only to cases where there were mutual accounts between the parties; and in this respect, as well as in some other respects, was narrower and more limited than the act of Maryland of 1785, upon which it was based; and the purpose of the change, or one of the purposes, evidently was to enlarge the scope of its application and to authorize a reference to an auditor in other cases of accounting than those in which there were mutual accounts between the parties. The existing rule justifies such reference in all cases " *grounded upon an account;* " and certainly the present case is grounded upon an account. Without an accounting as to the cost of the eighteen houses mentioned in the proceedings, and as to the receipts and disbursements of the plaintiff in the premises, it would be impossible to determine the liability of the defendant; for that liability is expressly made to depend on the cost of the houses, and it is very apparent that such cost can only be made to appear from complicated computations. The action, therefore, could not be more appropriately characterized than as one grounded upon an account; and in our opinion the rule is very clearly applicable to it.

But it would be no violent construction to hold that we have here a case of mutual accounts between the parties. The appellant, as surety, stands in the place of his principal; and the record certainly, so far as made, discloses a case for an accounting between the appellee and Joseph A. Simmons. It is of no consequence that the appellee himself may have kept all the accounts, and that he possibly may know their precise condition. There are debits and credits in the account, and apparently no account stated

between the appellee and Joseph A. Simmons; and it is precisely for the purpose of stating such an account that the intervention of the auditor is required. Of course, the rule is not intended to apply to cases where the charges are all on one side; for then there is required only a simple process of addition; but here we have a case of debits and credits, and apparently a case of very considerable complication, in which a reference to an auditor would seem to be eminently just and proper.

The further argument that the rule is inapplicable, because there are several issues in the case, some of them, as that of fraud, entirely independent of the accounting, and yet that the rule contemplates the entry of judgment upon the auditor's account and report, unless there are exceptions taken to it, we must also regard as untenable. The rule must receive a reasonable construction. Several issues may be raised in a case; but all the issues must be disposed of before there can be judgment. Yet the issues may have been disposed of at different times and in different ways. There may have been questions of law raised, as well as questions of fact. There may be several distinct and independent counts in a declaration; and several distinct and independent defenses even to one and the same count. Judgment is a net result, and ordinarily may not be entered until each and all the issues have been determined.

The audit in the present case may determine the condition of the account between the appellee and Joseph A. Simmons. But that, even if we assume that no exception is taken to it, does not determine the liability of the appellant. It simply ascertains and settles one fact in the case, which the parties may not afterwards contest, but from which liability may or may not ensue, according as may appear from further and other issues in the case. The finding of an auditor under the circumstances, without exception reserved or taken to it, would be an admission of fact;

and certainly the admission of a fact must be regarded as removing that fact from further contestation.

2. But we take it that the important and paramount question in this case is that of the constitutionality of the rule under consideration.   It is claimed that the effect of the rule is to substitute trial by the auditor or trial by the auditor and the court, for the constitutional system of trial by jury. And cases are cited in which it has been held that compulsory references, authorized by statute law of some of the States, are not permissible in the Federal courts as being in violation of the provision of our Federal Constitution that "in suits at common law, where the value in controversy shall exceed twenty dollars, the right of trial by jury shall be preserved."   But we think these cases are not applicable; and we find here no violation of the Federal Constitution.

The constitutional guaranty does not mean that in all cases at common law there shall be a trial by jury; but that all issues of fact arising in such cases shall be tried by a jury.   We know that there are other issues which are not so determined.   And it is only when an issue of fact has been evolved from the preliminary pleadings and proceedings in a cause that the province of the jury begins.   All the proceedings leading up to such issues are proper to be regulated by law and by rules of court for the purpose of the ascertainment and formulation of the real grounds of contest between the parties.   On that theory we have repeatedly sustained the validity of the seventy-third common law rule of the Supreme Court of the District of Columbia, authorizing summary judgments in actions *ex contractu,* where a declaration is verified by affidavit, unless the defendant files with his plea a sufficient counter-affidavit, notwithstanding that such rule seems to deny to the parties the right to come to any issue at all in the cases to which it applies, except upon condition of compliance with its requirements.   See *Cropley* v. *Vogeler,* 2 App. D. C. 28 ; *Johnson* v. *Wright,* 2 App. D. C. 216; *Foertsch* v. *Germuiller,* 2 App. D. C. 340.   And we sus-

tained it upon the ground that it required nothing unreasonable of the parties, denied them no just rights, served the purpose of relieving the courts of the trial of sham issues, and left for the consideration of the jury only such issues as the parties honestly believed to be meritorious. Similarly, with reference to the rule now under consideration, its purpose plainly is not to deny to parties any substantial right to which they are entitled, but to elicit and to formulate the true and substantial issues between them, if any such there are, for the consideration of a jury. That such was the intention of the court which framed it, and which believed that it had the authority to frame it, both under the act of Maryland of 1785 and under the act of Congress of 1863, creating that court, and which gave it express authority to establish all rules that it might deem necessary for the regulation of the practice of the court, is evident from what was said in the opinion delivered in the case of *McCullough* v. *Groff*, 2 Mackey, 361, by the learned justice who spoke for that court on that occasion. He said:

"In my judgment, it was designed by the rule that in case of mutual accounts, where in the opinion of the judge it was necessary to do so, the court, with a view of lightening the labors of the jury and saving time, should depute to auditors the ministerial duty of arranging, methodizing, and explaining the accounts, examining the calculations, and reporting the result of their labors to the court. In the cases where such a reference would be necessary, an inquiry of this nature would devolve upon the jury and counsel great labor, which could be but imperfectly performed during a trial, and then with constant liability to mistake."

This, it is true, was said with reference to the former rule of that court, the predecessor of that now under consideration; but it plainly applies to the present rule as well. And it is understood that the present rule was formulated on the same day on which the opinion in the case of *McCullough*

v. *Groff* was rendered, and was promulgated as the result of the investigations of the court in that case.

Now, as to the construction of a rule of court, and as to its scope and purpose, great weight is to be given to the opinion of the court by which it has been promulgated and whose practice it has been intended to regulate; and if we had any doubt upon the subject, we would be disposed to resolve the doubt in favor of the construction thus given. But we have no doubt as to the meaning of this rule and the scope of its application.

The old common law action of account, as we know, was exceedingly troublesome and complicated, and for that reason has fallen into disuse, the courts of equity affording a greatly more convenient and a greatly more adequate method for the settlement of the controversies involved in actions of account. But there are cases, and that now before us is apparently such a case, in which, although accounts more or less complicated are involved, it seems to be proper to have recourse to a court of common law for redress. To simplify the accounting as far as possible in such cases, to eliminate from the issues all uncontested matters—for in nearly all such cases, a large number of the items, perhaps the great majority of them, are really uncontested—to place all contested items in such shape as that they can conveniently be tried by a jury, to state the account between the parties clearly and succinctly, to elicit the true issues between them, and to enable those issues to be distinctly formulated and clearly presented to a jury,—this we understand to be the purpose of the rule; and thus understood, we can not see that it is objectionable on the ground of unconstitutionality.

The plea of the general issue, now so generally used with us in actions *ex contractu,* makes it incumbent upon a plaintiff to prove each and every item of an account, no matter how long and complicated the account may be, and leaves each and every item to be contested before the jury. This

is manifestly in most cases not in the interest of justice. But it is in the interest of justice, in such cases, that the matters really contested, which are generally very few, or comparatively so, should be segregated, and so elucidated as that they can be thereafter presented to a jury for determination.. This the audit authorized by the rule is intended to accomplish. If in the audit it appears that there is nothing really in controversy, and that the general issue has probably been resorted to in 'order to postpone judgment, there is no substantial issue upon which a jury can act; and therefore there is no denial of just right to any one in the provision of the rule that judgment may be entered upon the auditor's report, without the intervention of a jury; for, as we have said, the intervention of a jury under the constitutional guaranty is required only when there are real issues of fact to be determined between the parties. But if, on the other hand, there are items of account genuinely contested between the parties, and the auditor, as is his duty under the rule and under the reference, states the account, with the allowance or disallowance of such items, according as may seem just upon the showing made before him, his audit operates as a declaration in favor of the party to whom the allowance is made, and the exceptions to it authorized to be taken by the other party are the equivalent of special pleas thereto, upon which issues arise at once, which the rule then requires to be submitted to the jury. In other words, besides putting the accounts between the parties in proper shape to be considered by the court, or by the court and jury, the auditor's account and report and the exceptions to them give rise to special issues, which are properly substituted in the place of the general issue, for trial by the jury. If the party against whom the finding of the auditor is made, does not choose to take exception, this is no more than an admission of the truth and correctness of the finding; and assuredly a party has no right to a trial by jury upon a matter which he admits to be a just and true charge against

him. It is like any other admission upon the record, and not unlike the admission implied in letting a case go by default.

In all this there is no denial of the right of trial by jury. The rule, in fact, would seem to be intended to facilitate the exercise of that right by enabling the true issues to be evolved whereupon the right is to be enforced and exercised. It is a rule intended to ascertain, in the first place, whether there are any real issues for a jury, and, in the second place, specifically to determine what those issues are and to formulate them. It authorizes summary judgment, without the intervention of a jury, in all cases where there are no real issues; it preserves for determination by the jury all the issues which are real and substantial, and which are deemed to be such by the parties and are made such by being properly formulated under exceptions to the auditor's report. In this there is no element of unconstitutionality; the right of trial by jury, guaranteed by the Constitution, is amply preserved. The auditor is not substituted for the jury, but is made an assistant to the court and to the parties to determine specifically what the issues are in the case preparatory to the submission of such issues to the jury.

We have stated our opinion that the cases cited in this connection on behalf of the appellant are not applicable to the case or to the rule before us. They are the cases of *United States* v. *Rathbone,* 2 Paine, 578; *Howe Machine Co.* v. *Edwards,* 15 Blatchf. 402; *St. Paul, &c. RR. Co.* v. *Gardner,* 19 Minn. 132; *Johnson* v. *Wallace,* 7 Ohio, 392; *McMartin* v. *Bingham,* 27 Iowa, 234; *Smith* v. *Roe,* 4 Cal. 6; *Grim* v. *Norris,* 19 Cal. 140; *Mills* v. *Miller,* 3 Neb. 87; *Kinkaid* v. *Hiatt,* 24 Neb. 562; *Plimpton* v. *Somerset,* 33 Vt. 283; *Wisner* v. *Wilhelm,* 48 Md. 1; and there may be others. In each and all of these cases, the compulsory reference, held to be unconstitutional, was to referees to hear and determine all the matters in issue between the parties, subject only to the

·supervising control of the court, without a jury. This undoubtedly was a substitution of referees for a jury; for it left nothing to the determination of a jury, and the jury was wholly dispensed with. This, of course, in the Federal courts, and in the courts of States having constitutional provisions in reference to trial by jury equivalent to the provision in that regard contained in our Federal Constitution, was justly held to be a violation of the constitutional guaranty. But the rule now before us is not for such compulsory reference. While compulsory in the sense that the court may refer a cause to an auditor over the objection of one, or even of both of the parties, the reference is not to the effect that the auditor is to decide the cause instead of a jury; but he is to ascertain whether there is any genuine issue for a jury, and, if there is, to put it in shape for presentation to such jury; and by the rule the determination of all such issues is expressly reserved for the jury. It is plain, therefore, that the cases cited are not applicable for the construction of the rule here under consideration, which seems to have been framed with special reference to the preservation of the right of trial by jury in all its integrity.

It is our conclusion, therefore, that the rule of the Supreme Court of the District of Columbia, here drawn in question, is not unconstitutional, and is a proper and valid exercise of the power conferred upon it to establish rules of practice; and that there was no error in the action of that court in making the order of reference from which the present appeal has been prosecuted. That order will, therefore, be *affirmed, with costs; and the cause will be remanded to that court, for such further proceedings therein according to law as may be just and proper. And it is so ordered.*