UNITED STATES v. HARSHA et al.

(Circuit Court, E. D. Michigan, S. D. April 27, 1911.)

ACCOUNT (§ 12*)—DUTY TO ACCOUNT—REMEDY—EQUITABLE PROCEEDINGS.

An action at law was instituted by the United States against a former clerk of the Circuit Court for an accounting, and to review the conduct of the clerk's office for 27 years, and the clerk's taxation of his own costs in about 2,200 cases. The bill of particulars, after stating a few items, set out a summary of the fees and costs account, followed by a list of 2,181 cases of law and equity, with the amount of the alleged overcharge in each case; the items varying from $250 to 10 cents. Each of these items constituted a balance the constituent items of which were not shown; it having required a skilled examiner, with from two to five assistants, more than six months to make up and state the account which was the basis of the action. It appeared that the trial of the case, if proceeded upon at law, would consume at least four months. *Held*, that the court was justified in refusing a trial to a jury and suspending proceedings until action should be taken in equity.

[Ed. Note.—For other cases, see Account, Dec. Dig. § 12.*]

At Law. Action by the United States against Walter S. Harsha and the Fidelity & Deposit Company of Maryland on the bond of the defendant Harsha as former clerk of the Circuit Court. Trial refused.

F. H. Watson, U. S. Atty., and J. E. Bland, Asst. U. S. Atty.
Harrison Geer, for Harsha.
Brennan, Donnelly & Van De Mark, for Surety Co.

DENISON, District Judge (sitting by designation). At the last term of this court, when I found this case upon the calendar, I thought it unsuitable for trial at length before a jury, and I urged upon counsel the advisability, if not the necessity, of some arrangement that should put the issues in shape where they could be tried and disposed of intelligently. To this end, I suggested either a general reference by a consent or the appointment of an auditor under the state statute. As the case stood for jury trial, the latter course also could be taken only by consent.

After several months, the case now comes up for trial and is regularly reached. Counsel and parties have accomplished nothing along the suggested line, so that the situation is controlled by the record as it stands, and without any opportunity to rely upon the voluntary cooperation of all parties in removing difficulties.

The suit is for an account and on an account. It covers and involves reviewing the conduct of the clerk's office for 27 years, and the

clerk's taxation of his own· costs in about· 2,200· cases,. ·The bill· of. particulars, after stating a few items which· present no unusual dif-; ficulty, gives what it calls a· "summary of the fees and costs account," followed by a list of 2,181 cases at law and in equity, with the amount of alleged overcharge in each case. These items vary in amount from $250 down to 10 cents. This is not all. Each of these items is only a balance item and depends upon the correctness of each of its constituent items. The records of the court show (by estimate) an average of. 20 items to a case. This makes more than 40,000 items. It is familiar knowledge about the clerk's office that a skilled examiner, with from two to five assistants, worked industriously for more than six months to make up and state the account which is the basis of the action.

Counsel all agree that the trial will occupy as much as four weeks. With the indicated tendency to contest every item, it is more likely to take four months; and this would allow only fifteen minutes to each balance item, that is, to each independent issue.

Under these circumstances, should I impanel a jury and proceed with the trial? I think not. The case is the typical, the ideal,. one for a master in chancery, and it is so unsuitable, indeed, so unfit, to be tried by jury, that such a trial, unless the issues were simplied, would be a mere farce. I think all the proceedings herein should be stayed pending a resort ·to equity by some one or more of the parties. If no one of them should do so, that would raise another question; but the propriety of a proceeding in equity seems to me so obvious that I anticipate no such reluctance.

Whether the jurisdiction in equity depends on (1) the right to bring a formal "action of account," or (2) the existence of mutual debits and credits, or (3) the practical inadequacy of the legal remedy,· in either case, it· is clear. .

1. The case seems in all respects suitable for the common-law action of "account render," "where a man is charged as bailiff whereby the certainty of his receipt appears not till account" (Bouvier); defendant would plead "plene computavit," and the plaintiff, if successful, would get a judgment "quod computet." .

2. Under the law, defendant has rendered formal accounts at stated periods. Accounting, then and· now, is the essence of the whole situation. Defendant is entitled to credit in each case for his lawful fees, and then to credit on the final balance for certain errors and excessive remittances, if any; in other words, each of the balance items, and then the final balance, depends upon mutual debits and credits. ·

3. It is impossible to believe that a trial by jury is adequate to determine the issues accurately and truly. It is true a suit at law and a judgment at law are· adequate remedies to recover any specific sum which the defendant, as former clerk, owes; but to apply the phrase "adequate remedy" to such proceedings, under the circumstances of this case, seems to me an abuse of words. There have been various decisions bearing upon the question, but none of them which are adverse to the right of· equitable procedure are, so far as I have observed, under circumstances nearly as extreme as those of this. case.

These conclusions will be embodied in a formal order refusing to proceed with the trial, and, if I am mistaken in entering such order, the question can be quickly raised and disposed of by mandamus proceedings.