UNITED STATES, for Use of BRADING-MARSHAL LUMBER CO. et al., v. WELLS et al.

(District Court, E. D. Tennessee, N. E. D.   January 30, 1913.)

No. 24 at Law.

1. COURTS (§ 352*)—PROCEDURE IN FEDERAL COURTS—ISSUES IN LAW ACTION
   —JURISDICTION TO REFER.
   The issues in a law action in the federal court, independent of stat-
   ute, may be referred by consent of parties to a referee in the character
   of an arbitrator, whose report, when regularly made pursuant to such
   reference, and duly accepted ·by the court, is a proper foundation of
   judgment.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 926–932; Dec.
   Dig. § 352.*]

2. COURTS (§ 352*)—PROCEDURE IN FEDERAL COURTS—ACTIONS AT LAW—COM-
   PULSORY REFERENCE.
   Under Rev. St. §§ 648, 649 (U. S. Comp. St. 1901, p. 525), providing that
   in actions at law the trial of issues of fact shall be by jury, except when
   tried by the court pursuant to a written stipulation, a federal court has
   no authority to refer the issues in an action at law to a referee or other
   person, as an officer of the court, under a reference not intended as an
   arbitration, but for the purpose of having such officer determine the
   issues as a substitute for the trial by a jury or the court and giving his
   report the weight and effect of a master's report in equity, though the
   case involves an accounting, and though such procedure is authorized by
   a state statute and is consented to by the parties.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 926–932; Dec.
   Dig. § 352.*
   Conformity of practice in common-law actions to that of state court.
   see notes to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins.
   Co. v. Hall, 27 C. C. A. 392.]

3. COURTS (§ 352*)—PROCEDURE IN FEDERAL COURTS—REFERENCE—GROUNDS
   —PRELIMINARY INVESTIGATION.
   A federal court in an action at law, either of its own motion or on the
   motion of either party, may refer the issues to a referee as an officer of
   the court, as a tentative tribunal, for the purpose merely of making a
   preliminary investigation, in order to simplify the issues as a necessary
   step incident to the preparation of the ultimate trial of the case before
   a jury or the court.
   [Ed. Note.—For other cases, see Courts, Cent. Dig. §§ 926–932; Dec.
   Dig. § 352.*]

4. TRIAL (§ 11*)—MODE OF TRIAL—LAW OR EQUITY DOCKET—TRANSFERS.
   Where a suit commenced at law is of a clearly equitable nature, the
   court has power to transfer it, by consent of parties, to the equity side
   of the court for further proceedings.
   [Ed. Note.—For other cases, see Trial, Cent. Dig. §§ 28–30; Dec. Dig.
   § 11.*]

Action by the United States, for the use of the Brading-Marshal
Lumber Company and others, against Mark P. Wells and others.  On
application for reference to a master.  Denied.

This is an action at law commenced by the United States for the use and
benefit of the Brading-Marshal Lumber Company and others, against Mark
P. Wells and the Empire State Surety Company.  The declaration alleged
that the defendant Wells had entered into a contract with the United States

for the construction of a post-office building at Johnson City, Tennessee; that Wells, as principal, and the Surety Company, as surety, had executed bond to the United States conditioned as required by law to perform all undertakings in said contract agreed by Wells to be performed, and to pay all persons supplying labor or material in the construction of said building; that the building had been completed and final settlement made between the United States and Wells within one year before the commencement of the suit; that in the erection of said building the parties for whose benefit the suit was brought, had furnished labor and materials for which said Wells had failed to pay, and for which he then owed various sums, as alleged in the declaration; wherefore the United States sued for the benefit of said parties and of any other creditor of said Wells who had furnished labor and materials for said building which remained unpaid, who should intervene therein; and prayed judgment against Wells, as principal, and the Surety Company, as surety, for the amounts due such creditors, with interest. An order of publication was subsequently made notifying creditors of Wells of their right to intervene in the suit. Pleas having been filed by the defendants and replications thereto, and one other creditor of Wells having intervened in the cause, the parties filed a stipulation agreeing that the same might be referred to a special master or commissioner to take and hear proof upon various issues in the cause and report thereon.

Thad A. Cox, of Johnson City, Tenn., and Susong & Biddle, of Greeneville, Tenn., for plaintiff.

Shoun & Trim, of Greeneville, Tenn., for defendants.

SANFORD, District Judge. The clerk has forwarded to me a stipulation signed by counsel for plaintiffs and defendants, which will be filed herewith, agreeing that this cause may be referred to a special master or commissioner to hear and take proof upon certain items in the nature of an accounting; in pursuance of which an order of reference is desired. It is not clear from this stipulation whether it is desired that the master merely take and hear proof on the several items referred to, or that he also report his conclusions thereon, either of fact or law, or both. Furthermore clause (5) is vague and indefinite as to the matter proposed to be referred, and might involve questions beyond the scope of the pleadings.

This suit is brought under the provisions of the act of February 24, 1905, c. 778, 33 Stat. 812 (U. S. Comp. St. Supp. 1911, p. 1071), amending the act of August 13, 1894, c. 280, 28 Stat. 278 (U. S. Comp. St. 1901, p. 2523), providing for suits on contractor's bond for public works of the United States.

There is, in my opinion, strong ground for holding that the provision of this act that only one suit shall be instituted by a creditor or creditors and for notice to other creditors of their right to intervene, with the further provision that if the recovery on the bond is inadequate to pay the amounts due all creditors judgment shall be given to each creditor pro rata of the amount of the recovery, has the effect of making the amount due on the bond a trust fund which can only be properly administered in equity and distributed among creditors in an equitable proceeding; and that, in the language of Chief Justice Waite in Pollard v. Bailey, 20 Wall. 520, 525 (22 L. Ed. 376), the provision "for proportionate liability is equivalent to a provision for an appropriate form of equitable action to enforce it." See, also, Terry v. Tubman, 92 U. S. 156, 161, 23 L. Ed. 537; Hornor v. Hen-

ning, 93 U. S. 228, 23 L. Ed. 879; Handley v. Stutz, 137 U. S. 366, 11 Sup. Ct. 117, 34 L. Ed. 706; Bailey v. Tillinghast (C. C. A. 6) 99 Fed. 801, 805, 40 C. C. A. 93; Alsop v. Conway (C. C. A. 6) 188 Fed. 568, 110 C. C. A. 366; Merchants' Bank v. Stevenson, 10 Gray (Mass.) 232. This view is emphasized by the fact that there is no right of intervention in a case at common law, and that a court of law has no adequate machinery for the entertainment and distribution of funds among the various beneficiaries entitled thereto. McKemy v. Supreme Lodge (C. C. A., 6) 180 Fed. 961, 966, 104 C. C. A. 117. See also 2 Bates' Fed. Proc. at Law, § 1042, p. 789. It is true, however, that on the other hand various actions at law have been maintained under this Act of 1905 in which no question as to the jurisdiction at law was suggested either by counsel or the court. Hill v. Surety Co., 200 U. S. 197, 26 Sup. Ct. 168, 50 L. Ed. 437; Mankin v. Ludowici-Celadon Co., 215 U. S. 533, 30 Sup. Ct. 174, 54 L. Ed. 315; United States v. Construction Co., 222 U. S. 199, 32 Sup. Ct. 44, 56 L. Ed. 163; United States v. Winkler (C. C.) 162 Fed. 397. See also, generally, American Surety Co. v. Cement Co. (C. C.) 96 Fed. 25, and 110 Fed. 717; United States v. Heaton (C. C. A., 3) 128 Fed. 415, 63 C. C. A. 156; Title Guaranty & Trust Co. v. Engine Works (C. C. A., 9) 163 Fed. 169, 89 C. C. A. 618. But since a demurrer has not been interposed on this ground, the question of the jurisdiction at law is not now before me for definite determination.

Passing, then, this jurisdictional question, and assuming that, at least without objection of the parties, the jurisdiction at law may properly be entertained in this case, in spite of its clearly equitable nature, the question then arises as to the authority of this court, as a court of law, to refer by consent of parties, the issues in the case to a master for a determination in the nature of a general accounting. This question is to be determined in the light of the provisions of section 4236 of the Tennessee Code (Shan. 6074), that when any suit of an equitable nature is brought in the Circuit Court and objection has not been taken by demurrer to the jurisdiction, it may, if not transferred to the Chancery Court, be heard by the Circuit Court upon the principles and with the functions of a court of equity, and with the power to order and take all proper accounts.

After careful consideration, in which I have not had the benefit of briefs of counsel, I have reached the following conclusions:

[1] 1. Under a practice well known at common law, the issues in an action at law may, in a Federal Court, independently of any statute, be referred by consent of parties, to a referee in the character of an arbitrator, whose report when regularly made pursuant to such reference and duly accepted by the court, is a proper foundation of judgment. Hecker v. Fowler, 2 Wall. 123, 131, 17 L. Ed. 759; Swift v. Jones (C. C. A., 4) 145 Fed. 489, 493, 76 C. C. A. 253, and cases cited. And see Dundee Mortgage Co. v. Hughes, 124 U. S. 157, 160, 8 Sup. Ct. 377, 378 (31 L. Ed. 357), in which such consent order of reference is termed "a reference at common law," and Shipman v. Mining Co., 158 U. S. 356, 361, 15 Sup. Ct. 886, 39 L. Ed. 1015, in which such consent reference was made to a so-called "master com-

missioner." And see, also, Moore v. Webb, 6 Heisk. (Tenn.) 301, as to the submission of a cause to arbitration under section 3432 of the Code of Tennessee (Shan. 5188). As to the practice in such cases and the questions presented by a writ of error therein, see the cases above cited; also 2 Foster's Fed. Pract. (4th Ed.) § 374b, p. 1291, and cases cited in note 4.

[2] 2. Since, however, the Federal statutes provide.that in actions at law the trial of issues of fact shall be by jury, except where they are tried and determined by the court in pursuance of a written stipulation (R. S. §§ 648 and 649 [U. S. Comp. St. 1901, p. 525]), it is well settled by the great weight of authority, that, except by consent of parties, a Federal Court ·has no authority to refer the issues in an action at law to a referee and thus substitute a trial by referee for the statutory modes of· trial by jury or court, in a matter of accounting or otherwise, and that even although such procedure be authorized by a State statute, the authority to make such reference is not, in such case, conferred upon the Federal Court by the provision of the Conformity Statute (R. S. § 914 [U. S. Comp. St. 1901, p. 684]). United States v. Rathbone, 2 Paine, 578, 27 Fed. Cas. 711 (Thompson, Circ. Justice); Howe Mach. Co. v. Edwards, 15 Blatchf. 402, 12 Fed. Cas. 708 (Blatchford, Circ. Judge); Sulzer v. Watson (D. C.) 39 Fed. 414; St. Louis Elec. Co. v. Edison Elec. Co. (C. C.) 64 Fed. 997, 1004; Swift v. Jones (C. C. A., 4) supra; 1 Bates' Fed. Proc. at Law, § 1052, p. 736. And, to the same effect, see City of Cleveland v. United States (C. C. A., 6) 127 Fed. 667, 62 C. C. A. 393, and, inferentially, United States v. Harsha (C. C.) 188 Fed. 759. In City of Cleveland v. United States, supra, in which the court below had referred the issues under a petition for mandamus to the clerk of the court as special master to hear proof and report, and in which, on writ of error, the order of reference was reversed, the Circuit Court of Appeals for this circuit, after holding that the mandamus was in the nature of a common law proceeding, said (127 Fed. at page 670, 62 C. C. A. at page 396):

"For this reason we are disposed to think it was altogether irregular to make 'a reference to the master to report the facts and law involved in the hearing of the petition. The master's office and functions are concerned only with the equity side of the court. and it would seem to follow that the judge sitting in the law side could no more order a reference to him than to a stranger. But here the court not only made the order referring it, but throughout treated the reference in all respects like a reference in equity."

In this connection it should be noted, however, that in Davis v. Railway Co. (C. C.) 25 Fed. 786, it was held by Brewer, Circuit Judge, without the citation of authority, that in a common-law action involving the examination of a long account, the court had authority, under the old common-law practice of the English courts, to refer the account, over the objection of one of the parties, to a referee to report on the facts, so that the court could then pass on the law. This holding is, however, I think, contrary to the great weight of authority.

3. Furthermore, in Swift v. Jones, supra, in which, in conformity to a State statute authorizing such procedure and by consent of parties, an action at law had been referred to a special master with authority to pass upon the issues of fact and to report his findings to

the court, and the master having made his report judgment had been rendered thereon by the court against the defendant, it was held by the Circuit Court of Appeals for the Fourth Circuit, on writ of error, upon an elaborate review of the authorities, that since the Revised Statutes provide for the trial of issues of fact in actions at law by jury or by the court, the court was not authorized, even in conformity to the State practice and by consent of parties, to refer the issues of fact in such action at law to a master, under a reference which was not in any sense intended as an arbitration, but was made for the plain purpose of having the master ascertain the facts, in lieu of the jury or the court, and thereby substitute his judgment as to the facts of the case for that of the jury or the court, and in effect create a new and additional method of disposition of common-law cases, neither provided for nor contemplated by the acts of Congress upon the subject; and that for this reason a new trial should be granted. The opinion in this case is carefully reasoned, and the rule thus laid down is one, I think, which should be followed.

[3] An exception to this general rule is, however, to be found in the carefully considered opinion of the Circuit Court of Appeals for the First Circuit in Fenno v. Primrose, 119 Fed. 801, 803, 804, 56 C. C. A. 313, 315, in which it was held that in an action at law where the accounts were so numerous and confused that it would be impossible for a jury to comprehend and intelligently decide it, by reason of the complexity and diversity of the issues and items, unless they were simplified by a preliminary investigation, and it would be impossible for that reason for the court to administer justice between the parties unless such preliminary investigation was had by way of preparing the case for the ultimate tribunal, the court undoubtedly had power, of its own motion, to direct a preliminary investigation and to "designate a suitable person as an officer of the court to call all parties before him as a tentative tribunal to simplify the items and the issues in order that the case may be intelligently presented to the jury." The court said:

"In cases at law, with numerous confused items and issues, where the ultimate right of trial by jury exists, in order to simplify the issues, such a preliminary trial or investigation may and oftentimes does become a necessary step incident to the preparation of the case for the ultimate tribunal, the jury. All this is to the end that the case may be intelligently presented to and understood by the ultimate tribunal."

And see United States v. Harsha, supra, in which Judge Denison, in refusing a trial by jury in an action at law in a matter of an accounting of vast complexity, stated that having found this case unsuitable for trial at length before a jury, he had urged upon counsel the advisability, if not the necessity, of some arrangement that should put the issues in shape where they could be tried and disposed of intelligently, and had, to this end, suggested either a general reference by consent, or the appointment by consent of an auditor under the State statute; and further stated that the case was so unsuitable for trial by jury "that such a trial, unless the issues were simplified, would be a mere farce."

4. The general conclusions which I have reached after a careful consideration of the foregoing authorities, is accordingly this: first, that in an action at law in a Federal Court the issues may be properly submitted to a referee for determination as an arbitrator, with the necessary incidents to such arbitration of the issues in the case; second, that even by consent of the parties, the court is not authorized to refer the issues in a case to a referee or other person, as an officer of the court and as a substitute for the trial of the issues of fact by a jury or the court, and for the purpose of giving his report the weight and effect of a master's report under a reference in equity; but, third, that the court may, either of its own motion or upon the motion of either of the parties or by consent of parties, refer the issues in the case to a referee as an officer of the court, as a tentative tribunal, for the purpose merely of making a preliminary investigation in order to simplify the issues as a necessary step incident to the preparation of the trial case by the ultimate tribunal. Under such preliminary reference it would undoubtedly often, if not usually result, that upon the coming in of his report many of his conclusions would be unquestioned and the disputed issues narrowed down to comparatively few questions, which could then be submitted directly for the determination of the ultimate tribunal.

5. I conclude, therefore, that if the parties, after consideration of this opinion, desire either a reference to a referee in the nature of an arbitration or a reference to a referee as an officer of the court for the purpose of a preliminary investigation and simplification of the issues to be tried, an order to that effect may be properly entered, such order to recite the consent of parties and to show specifically the purpose and scope of the reference. Otherwise an order of reference could not, in my opinion, be properly made. But if, on the other hand, the parties, after considering this opinion, should desire to transfer this cause to the equity side of the court to be there proceeded with as an equity cause, where undoubtedly the matters involved may be more conveniently investigated, and reference to a master, such as is apparently desired, may be appropriately made, with the effect incident to such reference in equity, I think it clear that by consent of the parties such a transfer can be made.

It will be noted in this connection that in the rules of practice promulgated by the Supreme Court November 4, 1912, it is provided in rule 22 (33 Sup. Ct. ——), that:

"If at any time it appear that a suit commenced in equity should have been brought as an action on the law side of the court, it shall be forthwith transferred to the law side and be there proceeded with, with only such alteration in the pleadings as shall be essential."

This rule of equity practice clearly recognizes the fact that the difference between the equity and law side of the court is not jurisdictional, but that transfers from one side of the court to the other may be made as a matter of practice.

[4] I have in contemplation at this time the adoption of an analogous rule of practice on the law side of the court providing that when it appears at any time that a suit commenced at law should have been

brought on the equity side of the court, it shall be transferred to the equity side and there proceeded with; but in advance of the adoption of such general rule I have no doubt of the authority of the court, if the parties so desire, to transfer an action at law of a clearly equitable nature to the equity side of the court for further proceedings.