# SOUTHERN KANSAS RAILWAY COMPANY *v.* BRIS-COE.

ERROR TO THE CIRCUIT COURT OF THE UNITED STATES FOR THE WESTERN DISTRICT OF ARKANSAS.

No: 869.   Submitted February 1, 1892. — Decided March 28, 1892.

Under the provisions of the act of July 4, 1884, 23 Stat. 73, c. 179, the United States Circuit and District Courts for the Northern District of Texas, the Western District of Arkansas, and the District of Kansas have concurrent jurisdiction, without reference to the amount in controversy, and without distinction as to citizenship of the parties, over all controversies arising between the Southern Kansas Railway Company and the inhabitants of the Indian nations and tribes through whose territory that railway is constructed.

THIS was a motion "to dismiss the writ of error herein, because the court has no jurisdiction to hear and determine the same; or to affirm the judgment, it being manifest, that even if the court has jurisdiction, the question on which the jurisdiction depends is so frivolous as not to need further argument." The case is stated in the opinion.

*Mr. A. H. Garland* and *Mr. H. J. May* in support of the motion.

*Mr. George R. Peck, Mr. A. T. Britton* and *Mr. A. B. Browne* opposing.

MR. CHIEF JUSTICE FULLER delivered the opinion of the court.

Briscoe brought suit as an inhabitant of the Chickasaw Nation, Indian Territory, in the District Court of the United States for the Western District of Arkansas, against the Southern Kansas Railway Company, to recover damages for the wrongful killing of certain live stock by one of the defendant's trains, which was tried in the Circuit Court for that district after the passage of the act of February 6, 1889, 25

Stat. 655, c. 113, and judgment rendered for $896.75. The case was brought to this court under the act of February 25, 1889, 25 Stat. 693, c. 236, on the question of the jurisdiction of the court below.

By the act of July 4, 1884, 23 Stat., 73, c. 179, Congress granted the right of way through the Indian Territory to the Southern Kansas Railway Company. The act defined the route and the extent of the right of way; provided for compensation for property taken or damage done by reason of the construction of the road; for regulating the rates for freight, passenger and mail service; for the filing of maps showing the routes of the located lines through the Territory, in the office of the Secretary of the Interior, and also in the office of the principal chief of the nations or tribes through which the lines might run; for the construction of prescribed mileage within three years; for the recording of all mortgages executed by the company in the Department of the Interior; and that the right of way should be accepted upon the express condition that the company would neither aid, advise nor assist in any effort looking towards the changing or extinguishing the tenure of the Indians in their lands, and not attempt to secure from the Indian nation any further grant of land or occupancy than as provided, under penalty of forfeiture of all the rights and privileges of the company under the act.

The eighth section reads as follows:

"That the United States Circuit and District Courts for the Northern District of Texas, the Western District of Arkansas, and the District of Kansas, and such other courts as may be authorized by Congress, shall have, without reference to the amount in controversy, concurrent jurisdiction over all controversies arising between said Southern Kansas Railway Company and the nations and tribes through whose territory said railway shall be constructed. Said courts shall have like jurisdiction, without reference to the amount in controversy, over all controversies arising between the inhabitants of said nations or tribes and said railway company; and the civil jurisdiction of said courts is hereby extended within the limits

of said Indian Territory, without distinction as to citizenship of the parties, so far as may be necessary to carry out the provisions of this act."

It was contended on behalf of defendant, before Judge Parker, holding the Circuit Court, that the last clause of this section, to wit, "so far as may be necessary to carry out the provisions of this act," operated to limit the jurisdiction conferred to such controversies as might arise between the nations or inhabitants and the company, in respect of the construction of the railroad, as pertaining to the right of way, damages for land improvements or occupancy rights thereby injured or disturbed, etc.

The Circuit Court held otherwise, and that the courts named in the section were properly given jurisdiction over the suit, because as there was no remedy for a tort such as that in question at the place where the same was committed, there was no remedy anywhere, until given by the law under consideration, and that this constituted a right or privilege thereunder; and upon the further ground that as the act conferred upon the corporation the right to build and run its road through the Indian country, and to exercise the ordinary powers incident thereto, this rendered the suit one arising under the laws of the United States. 40 Fed. Rep. 273.

That Briscoe was at the time mentioned an inhabitant of the Chickasaw Nation, where the property destroyed was, must be assumed. The answer did not specifically put this fact in issue, but denied any liability generally, and defendant requested the court to instruct the jury that Briscoe was not an inhabitant, which the court refused to do, as there was evidence tending to show that he was. This left the question as one of fact to the jury, and it was determined, in effect, in Briscoe's favor by their verdict.

As the defendant acquired all its rights in the matter of the construction and operation of its road within the Indian Territory under and by virtue of a law of the United States, enacted by Congress in the exercise of its power over the Territories, controversies arising by reason of the exercise of its powers therein were necessarily controversies arising under

the laws of the United States, and this being so, it was competent for Congress to give the enumerated courts jurisdiction over not only controversies immediately relating to or growing out of the construction of the road, but over all controversies between the nations and tribes or the inhabitants thereof, through whose territory the railroad might be constructed, and the company.

And as the civil jurisdiction of these courts was extended within the limits of the Territory, without distinction as to the citizenship of the parties, " so far as may be necessary to carry out the provisions of this act," and that might embrace all controversies arising between the inhabitants or the nations and tribes and the railway company, we do not regard the addition of these words as intended to operate as a limitation of the controversies to those growing out of the construction of the road merely, since the section in terms applies to " all controversies."

It is true that apart from jurisdiction over the subject matter, a citizen of a Territory cannot sue a citizen of a State in the courts of the United States, nor an Indian tribe or nation sue a State or its citizens, but the judicial power extends to all cases in law and equity arising under the laws of the United States, and this case falls within that category, and therefore the jurisdiction in question could be conferred, as we hold that it was.

The decision of the Circuit Court was right and its judgment is

*Affirmed.*