SWIFT & CO., Limited, v. JONES.

(Circuit Court of Appeals, Fourth Circuit. May 3, 1906.)

No. 634.

1. COURTS—FEDERAL COURTS—PRACTICE—CONFORMITY.

While an action at law in the federal courts may be instituted under the conformity act (Rev. St. § 914, Act June 1, 1872, c. 255, 17 Stat. 197 [U. S. Comp. St. 1901, p. 684]), by complaint, as distinguished from a formal declaration, the federal court will not in all respects be governed in the conduct of the case by the pleadings, forms, and mode of procedure prescribed by the state law, especially with reference to questions pertaining to the method of trial, when inconsistent with federal statutes.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, §§ 900, 914–938.]

Conformity of practice in common-law actions in federal courts to that of state courts, see note to O'Connell v. Reed, 5 C. C. A. 594; Nederland Life Ins. Co. v. Hall, 27 C. C. A. 392.]

2. REFERENCE—FEDERAL COURTS—ACTIONS AT LAW—TRIAL.

Rev. St. § 648 [U. S. Comp. St. 1901, p. 525], provides that the trial of issues of fact in the Circuit Courts shall be by jury, except in cases of equity and of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy and by the next section, which authorizes trial of issues of fact in civil cases by the court on stipulation waiving a jury, and section 700 [U. S. Comp. St. 1901, p. 570] declares that when an issue of fact in a civil case in a circuit court is tried by the court without a jury, the rulings of the court, if excepted to at the time and duly presented by a bill of exceptions, may be reviewed by the Supreme Court, and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment. Held that, where an action at law was brought in the Circuit Court, the trial judge under such sections had no power, even with the acquiescence of both parties, to order a trial before a special master authorized to hear and pass on the issues of fact, and report his findings to the court.

[Ed. Note.—For cases in point, see vol. 13, Cent. Dig. Courts, § 931.]

In Error to the Circuit Court of the United States for the Eastern District of North Carolina.

For opinion below, see 135 Fed. 437.

T. W. Bickett (Arthur F. Evans, on the brief), for plaintiff in error.

F. S. Spruill and William H. Ruffin, for defendant in error.

Before PRITCHARD, Circuit Judge, and WADDILL and KELLER, District Judges.

WADDILL, District Judge. The plaintiffs in error filed their complaint in the court below against the defendant in error to recover from him an alleged indebtedness of $2,487.75, for which they claim defendant was liable as guarantor upon a contract entered into between the plaintiffs and E. C. Jones, a son of the defendant; the undertaking being that said E. C. Jones would faithfully perform all the terms and conditions of a certain contract of agency theretofore entered into between him and the plaintiffs, and pursuant to which the latter appointed said E. C. Jones as their agent for the sale of their products in the town of Louisburg, N. C., the amount sued for being an alleged balance due by said E. C. Jones to the plaintiffs on account of the agency. The agreement or contract of agency between the parties is not under seal, nor the defendant's guaranty thereof, which is as follows:

"In consideration that Swift & Co., Limited, execute the foregoing agreement with E. C. Jones, I hereby guaranty the performance thereof by E. C. Jones of all the terms and conditions therein by him agreed to be kept and performed. It is understood that this is a continuing guaranty. [Signed] J. F. Jones."

The defendant answered this complaint, setting up various defenses, but the one chiefly relied on, and on which the court below based its decision, was the following clause of the contract of agency:

"The party of the second part [E. C. Jones] was to give a fidelity bond in such sum, and with such company as surety, as the party of the first part [Swift & Co.] shall designate; the party of the first part [Swift & Co.] to pay the premium."

—The contention being, and which theory the court below adopted, that this clause in the contract constituted a condition precedent to the defendant's guaranty; and it appearing from the facts that E. C. Jones, the party of the second part to the contract, had signed a blank application for such guaranty bond, that that was all which was incumbent upon him to do, as the plaintiffs in error, parties of the first part to the contract, were to designate the surety company, and pay the premium, which it does not appear was ever done, and said bond was never executed. The proceeding, though instituted in the United States Circuit Court, was brought under the North Carolina Code Procedure by complaint, instead of the usual common-law suit in that court, setting up the plaintiffs' cause of action. It nevertheless was purely a common-law case, for which the ordinary action of assumpsit would lie and was the proper remedy. Without considering the assignments of error, a preliminary question is presented upon the face of the record, which the court feels called to pass

upon, and which, in its judgment, makes it necessary, without in any manner passing upon the merits of the case, to remand the same to the lower court for further action therein. Upon the joinder of issue between the parties, as contemplated by the North Carolina Code Procedure, an order was entered by the lower court, also in conformity therewith, referring the case to a special master, who was "authorized to hear the same, and pass upon the issues of fact arising out of the pleadings, and report his findings of fact to the court," to the entry of which order both parties by counsel assented; and it was upon the findings of fact by the special master, who heard the evidence, and duly made his report thereon, that the lower court rendered its judgment in favor of the defendant. It is as to the correctness of this method of ascertainment of facts in a common-law case, as distinguished from a jury trial or trial by the court without a jury, that we base our action herein.

Under section 914 Rev. St., being section 5 of the act of June 1, 1872. c. 255, 17 Stat. 197 [U. S. Comp. St. 1901, p. 684], it is provided that:

"The practice, pleadings and forms, and modes of procedure in civil causes, other than in equity and admiralty causes, of the circuit and district courts, shall conform. as near as may be, to the practice, pleadings and forms, and modes of procedure existing at the time in like cases in the courts of record of the state in which such circuit and district courts are held, any rule of court to the contrary notwithstanding."

Under this section, it may be conceded that the method of instituting the suit under the state practice by complaint, as distinguished from a formal declaration, could be adopted (Nudd v. Burrows, 91 U. S. 426, 23 L. Ed. 286; Railroad Co. v. Horst, 93 U. S. 291, 23 L. Ed. 898); care being observed, however, to see that there was no confounding or combining legal and equitable causes of action. (New Orleans v. Construction Co., 129 U. S. 45, 9 Sup. Ct. 223, 32 L. Ed. 607). But while this is true as to the form of the action, and as to many of the questions raised in the progress of the proceedings thereof, it by no means follows that the federal court will in all respects be governed in the conduct of the case by the "pleadings and forms and mode of procedure prescribed by the state laws"; and particularly is this true in regard to questions pertaining to the manner and method of the trial of the case in that court, which must necessarily be largely governed by the federal statutes and the modes of practice prescribed for the government of such courts. The Supreme Court of the United States has, therefore, in construing the act in question, invariably held that the practice acts of the states should not be followed when in the estimation of the judges of the federal courts such legislation would unwisely incumber the administration of the law, or tend to defeat the ends of justice in the federal tribunals; nor should such acts be followed when the same were found to be inconsistent with the terms, or would tend to defeat the purpose. or impair the effect, of any legislation of Congress. Indianapolis R. R. Co. v. Horst. 93 U. S. 391, 23 L. Ed. 898; Southern Pacific Co. v. Denton, 146 U. S. 202, 209, 13 Sup. Ct. 44, 36 L. Ed. 377;

Luxton v. North River Bridge Co., 147 U. S. 336, 338, 13 Sup. Ct. 356, 37 L. Ed. 194; Chappell v. United States, 160 U. S. 499, 513, 16 Sup. Ct. 397, 40 L. Ed. 510. The Congress of the United States has in terms prescribed how trials in actions at law in the federal courts, certainly so far as the ascertainment and determination of the facts are concerned, shall be had; namely, by jury trial, or by the court without the intervention of a jury, pursuant to and in the manner prescribed by the act waiving a jury.

"Sec. 648, Rev. St. [U. S. Comp. St. 1901, p. 525]. The trial of issues of fact in the circuit courts, shall be by jury, except in cases of equity and of admiralty and maritime jurisdiction, and except as otherwise provided in proceedings in bankruptcy, and by the next section.

"Sec. 649, Rev. St. [U. S. Comp. St. 1901, p. 525]. Issues of fact in civil cases in any circuit court, may be tried and determined by the court, without the intervention of a jury, whenever the parties or their attorneys of record, file with the clerk a stipulation in writing waiving a jury. The finding of the court upon the facts, which may be either general or special, shall have the same effect as the verdict of a jury."

"Sec. 700, Rev. St. [U. S. Comp. St. 1901, p. 570]. When an issue of fact in any civil cause in a circuit court is tried and determined by the court without the intervention of a jury, according to section six hundred and forty-nine, the rulings of the court in the progress of the trial of the cause, if excepted to at the time, and duly presented by a bill of exceptions, may be reviewed by the Supreme Court upon a writ of error or upon appeal; and when the finding is special the review may extend to the determination of the sufficiency of the facts found to support the judgment."

These three sections constitute the whole federal law upon the subject, so far as this case is concerned, where the facts were ascertained without the intervention of a jury, and by the last-named section, the method of the correction of errors upon writ of error is expressly confined to the rulings of the court in the progress of the trial in the cause, if excepted to at the time, and duly preserved by bill of exception; and upon such writ of error the facts can only be inquired into where the finding is special, as distinguished from a general finding by the trial judge. Such sections constitute within themselves a perfect and complete system for the guide and government of the federal courts, and ought not to be departed from. Nothing is better settled than that whenever Congress has legislated upon any matter of practice, and prescribed a definite rule for the government of its own courts, it is to that extent exclusive of the legislation of the state upon the same matter. Ex parte Fisk, 113 U. S. 713, 721, 5 Sup. Ct. 724, 28 L. Ed. 1117; Whitfield v. Clark Co., 119 U. S. 522, 7 Sup. Ct. 306, 30 L. Ed. 500; Southern Pacific Co. v. Denton, 146 U. S. 209, 13 Sup. Ct. 44, 36 L. Ed. 377. The state legislation of North Carolina, in so far as the same presents the method for the ascertainment of the facts of the case under consideration, contrary to and inconsistent with the legislation of Congress on the same subject, must and should give way to the plain provisions of the federal law. It is the duty of the trial courts to adhere rigidly to these enactments of Congress prescribed for their government, and the presumptions are all unfavorable to the waiver of the right of trial by jury (Hodges v. Easton, 106 U. S. 408, 1 Sup. Ct. 307, 27 L. Ed. 169); and whenever

cases are submitted to them for trial without a jury, it must plainly appear that the waiver was made as prescribed by the act of Congress (Hughes, Fed. Jur. 363). Moreover, the mode of proof prescribed for the trial of common-law cases by section 861 Rev. St. clearly indicates that such trials in the federal courts are only to be had before a jury or the court in open court. It is "that the mode of proof in the trial in an action at common law shall be by oral testimony and examination of witnesses in open court, except as hereinafter provided"; and the sections referred to in the other provisos (Act March 9, 1892, c. 14, 27 Stat. 7 [U. S. Comp. St. 1901, p. 664]) relate to the taking of depositions de bene esse and the issue of commissions. Hughes, 364, supra. The question of following the state practice in matters of reference to referees and auditors has quite frequently been under review by the federal courts, and it may be said that the general trend of the decisions is to the effect that such statutes will not be followed, and that in said courts trial by jury is the only prescribed method for the ascertainment of facts, unless the same be waived, as contemplated by the act, except in cases of equity, admiralty, and bankruptcy. Kearney v. Case, 12 Wall. 275, 20 L. Ed. 395; Boogher v. New York Life Ins. Co., 103 U. S. 90, 26 L. Ed. 310; Sulzer v. Watson (C. C.) 39 Fed. 414; Stroheim v. Deimel (C. C.) 73 Fed. 430, 431; United States v. Indian Grave Drainage Dist., 85 Fed. 928, 930, 29 C. C. A. 578; Howe Machine Co. v. Edwards, Fed. Cas. No. 6,784; Hughes, Fed. Jur, supra, 364. In the last-cited case (a decision of Mr. Justice Blatchford while circuit judge) he discusses the question of the effect of the consent to the reference, which, however, in that case, was signed by only one of the parties, and in the case of Boogher v. New York Life Ins. Co., 103 U. S. 90, 26 L. Ed. 310, the query is made whether in cases of waiver, under the state practice act of Missouri, a review would be authorized by the Supreme Court in such case, and the latter court makes it quite clear that, if such right of review could be had, it would only be such as existed prior to the passage of section 700, Rev. St. (being section 4, c. 86, of the act of March 3, 1865, 13 Stat. 501 [U. S. Comp. St. 1901, p. 570]), and that the review could only be entertained at all by treating the referee's findings as those of the court. We do not mean to imply by anything stated herein that cases cannot be disposed of by arbitration in the federal practice, as in other courts, certainly where the rules of the federal court provide therefor. Alexandria Canal Co. v. Swann, 5 How. 89, 12 L. Ed. 60; Rork R. R. v. Myers, 18 How. 246, 15 L. Ed. 380; Hecker v. Fowler, 2 Wall. 123, 128, 129, 130, 17 L. Ed. 759. In the latter case will be found a full discussion of this subject, and it is of special interest. Andes v. Slauson, 130 U. S. 435, 438, 9 Sup. Ct. 573, 32 L. Ed. 989, is a case in which the parties by consent submitted the case to the judge under an order that it should be tried, and that "if upon its appearing to the judge upon such trial that there were questions of fact arising upon the issues therein of such character that the judge would leave them to the jury, if one were present," they should be submitted to the jury at the next term; and that the only finding of the judge was a general finding for the

plaintiff. Justice Gray, speaking for the court, said a trial thus ordered, consented to, and had was neither a trial by jury nor a trial by the court, or in accordance with the acts of Congress, but was a trial by the judge as referee, the trial deriving its whole efficacy from the consent of the parties; and in the progress of the opinion Justice Gray further stated that upon the trial issues of fact could only be had by jury at a stated term of court, unless the parties either in writing waived the jury, and submitted the case to the court's decision, or else agreed that the case should be tried and determined by a referee. The trial and determination, however, of the case by a referee, referred to by Justice Gray in this decision, would be nothing more than was the trial of the case then under consideration by him, namely, that of the judge sitting as arbitrator or referee, and whose authority so to dispose of the case was derived by reason of the consent of the parties. Without, therefore, in any manner questioning the right, in a proper case, to arbitrate, either through the judge acting as arbitrator, or the selection of referees contemplated by state statute, or otherwise to be chosen, we hold that it is well recognized that neither by agreement of parties nor by the laws of the state can a federal court sitting in such state, depart from the prescribed modes of procedure and rules embodied in the act of Congress for its guidance (Graham v. Bayme, 18 How. 60, 15 L. Ed. 265; Kelsey v. Forsyth, 21 How. 85, 16 L. Ed. 32; Richmond v. Smith, 15 Wall. 429, 21 L. Ed. 200); and hence when it appears that the reference of the lower court was not in any sense intended as an arbitration, or a purpose to have the referee to whom it was referred try and determine the same as an arbitrator, but that plainly the purpose of the reference was to have him ascertain the facts, in lieu of the jury or the judge of the lower court, by written consent of the parties, thereby substituting his judgment as to the facts of the case for that of the jury or the lower court, and that the judgment of the lower court was the result merely of his findings, as distinguished from rendering judgment upon its own findings in a proper case, we think it clear that such practice should not be sanctioned or adopted as a rule applicable to the trial of cases in this circuit. To do so would be, in effect, to create a new and additional method of disposition of common-law cases, neither provided for nor contemplated by the acts of Congress on the subject.

Without, therefore, passing upon the merits of this case, the same will be remanded to the lower court, with directions to that court to award a new trial thereof, such new trial to be proceeded with and conducted in the manner herein prescribed; the costs in this court to be borne equally by the parties respectively. Remanded.