**HARTFORD ACCIDENT & INDEMNITY CO. v. BOARD OF EDUCATION OF DISTRICT OF BEAVER POND, IN MERCER COUNTY, W. VA.**

(Circuit Court of Appeals, Fourth Circuit. October 19, 1926.)

No. 2517.

**1. Appeal and error ⬚849(1).**

Assignments of error to denial of motion for directed verdict, or relating to admission of testimony, cannot be considered, where jury trial was waived without compliance with Rev. St. § 649 (Comp. St. § 1587).

**2. Appeal and error ⬚849(1).**

Although trial by jury in action at law is guaranteed by Const. Amend. 7, and prescribed by Rev. St. § 648 (Comp. St. § 1584), jury may be waived under section 649 (Comp. St. § 1587), and review had thereafter under section 700 (Comp. St. § 1668).

**3. Appeal and error ⬚849(1).**

If Rev. St. § 649 (Comp. St. § 1587), is not complied with in waiving jury trial, there can be no review of any question not arising on primary record.

**4. Appeal and error ⬚850(2).**

Sufficiency of evidence to sustain general finding cannot be reviewed, where jury trial was waived, under Rev. St. § 649 (Comp. St. § 1587).

**5. Appeal and error ⬚850(3).**

Statement of facts in opinion of trial judge after waiver of jury trial cannot be treated as special finding, for purpose of determining whether facts found supported judgment.

**6. Pleading ⬚236(1).**

Amendment to declaration is within discretion of trial judge.

**7. Assignments ⬚90.**

School board, taking assignment of claims of laborers and materialmen, has no greater right of recovery against surety on school building contractor's bond than assignors.

**8. Schools and school districts ⬚81(2).**

School board, having taken assignment of claims of laborers and materialmen on default of contractor for school building, held entitled to recover against surety on contractor's bond.

**9. Mechanics' liens ⬚13.**

Under law of West Virginia, public building is not subject to liens created by mechanic's lien statute.

**10. Schools and school districts ⬚81(2).**

Bond executed by contractor for school building must be construed in light of Code W. Va. c. 75, § 12, protecting laborers and materialmen.

**11. Mechanics' liens ⬚315.**

Where bond merely guarantees performance of contract requiring contractor to pay laborers and materialmen, they may maintain suit on bond, though not mentioned therein.

**12. Schools and school districts ⬚81(2).**

Provision in bond executed by school building contractor, attempting to provide that no right of action shall accrue to any other than obligee, held contrary to Code W. Va. c. 75, § 12, and void.

In Error to the District Court of the United States for the Southern District of West Virginia, at Bluefield; George W. McClintic, Judge.

Action by the Board of Education of the District of Beaver Pond, in the County of Mercer, State of West Virginia, against the Hartford Accident & Indemnity Company. Judgment for plaintiff, and defendant brings error. Affirmed.

George Richardson, Jr., of Bluefield, W. Va. (Bernard McClaugherty and Russell S. Ritz, both of Bluefield, W. Va., on the brief), for plaintiff in error.

Joseph M. Sanders, of Bluefield, W. Va. (D. E. French, of Bluefield, W. Va., on the brief), for defendant in error.

Before PARKER, Circuit Judge, and WEBB and SOPER, District Judges.

PARKER, Circuit Judge. This is an action at law, instituted by the board of education of the district of Beaver Pond, in Mercer county, W. Va., as assignee of the claims of certain laborers and materialmen, to recover on a contractor's bond, executed by the Hartford Accident & Indemnity Company as surety, to guarantee the performance of a contract to erect a school building. The parties will be referred to in accordance with the positions occupied by them in the District Court.

The plaintiff entered into a contract with the Harrison Construction Company, hereafter called the contractor, to construct a school building at the price of $41,480. This contract, among other things, provided that the contractor should provide and pay for all labor and materials necessary for the execution of the work, and that it should furnish a guaranty company's bond to the amount of $82,960 "to guarantee the faithful performance of the contract and the payment of all subcontractors and labor and material bills." This bond was required, not only by the terms of the contract, but also by the statutes of West Virginia. Section 12 of chapter 75 of the Code of West Virginia provides:

"Sec. 12. *Public Building; Bond of Contractor* —It shall be the duty of the state board of control, and of all county courts, boards of education, boards of trustees, and other legal bodies having authority to contract for the erection, construction, improvement, alteration or repair of any public building or other structure, or any building or other structure used or to be used for public purposes, to require of every person to whom it shall award, and with whom it shall enter into, any contract for the erection, construction, improvement, alteration or repair of any such public building or other structure used or to be used for public purposes, that said contractor shall cause to be executed and delivered to the secretary of said board or other legal body, or other proper and designated custodian of the papers and records thereof, a good, valid, solvent and sufficient bond, in the penal sum equal at the least to the reasonable cost of the materials, machinery, equipment and labor required for the completion of said contract, and conditioned that in the event such contractor shall fail to pay in full for all such materials, machinery, equipment and labor used by him in the erection, construction, improvement, alteration or repair of such public building or other structure, or building or other structure used or to be used for public purposes, then said bond and the sureties thereon shall be responsible to said materialmen, furnisher of machinery or equipment, and furnisher or performer of said labor, or their assigns, for the full payment of the full value thereof."

Pursuant to the requirement of the contract, the contractor executed bond, with the defendant as surety, in the sum of $82,960. This bond, after reciting the execution of the contract between plaintiff and the contractor, incorporated the provisions of the contract into the bond by the use of the following language: "A copy of which [i. e., the contract] is or may be attached hereto, and is hereby referred to and made a part hereof." The clause expressing the condition of the bond was that "the principal shall indemnify the obligee against loss or damage directly caused by the failure of the principal faithfully to perform the contract," and this was followed by a provision that the bond was executed upon certain express conditions, among which was the following: "11. No right of action shall accrue upon or by reason hereof, to or for the use or benefit of any one other than the obligee named herein; and the obligation of the surety is and shall be construed strictly as one of suretyship only."

The contractor defaulted in the performance of the contract, and the plaintiff completed the work thereunder. The balance of the contract price remaining in the hands of plaintiff, after deducting the payments to the contractor, was more than sufficient to cover the cost of completing the contract, and the amount remaining after its completion was applied on the claims for labor and materials. This left a balance due on claims of laborers and materialmen amounting to $9,587.40. These claims were duly assigned to plaintiff, upon payment by it of the balance due thereon, and it was to recover on these assigned claims that this action was brought.

The facts as stated were set forth in the declaration, and established by evidence introduced at the trial. Their sufficiency was challenged on the ground that the bond did not guarantee the payment of claims of laborers and materialmen, but merely indemnified plaintiff against loss which it might sustain from breach of contract on the part of the contractor, and that plaintiff had sustained no loss as a result of the contractor's breach of contract; that, with respect to the claims sued on, plaintiff was in no better position than the laborers and materialmen who assigned their claims to plaintiff; and that, as these could not have re-

covered on the bond, plaintiff could not recover on it. The District Judge overruled a demurrer to the declaration and, the parties orally waiving a jury trial, proceeded to hear the case, both on the law and the facts. At the conclusion of the testimony, the defendant moved the court "to strike out all of the evidence introduced by plaintiff, and to direct a verdict for the defendant," and excepted to the overruling of this motion. The judge made no special findings of fact, other than the statement of facts contained in a written opinion filed by him, but, upon the evidence, held that plaintiff was entitled to recover, and rendered judgment accordingly. The assignments of error relate to the overruling of the demurrer to the declaration, the permitting of an amendment thereto, the denial of the motion for a directed verdict, and the admission of certain testimony relating to the claims assigned to plaintiff.

[1-4] We cannot consider the assignments of error relating to the denial of the motion for a directed verdict, or those relating to the admission of testimony, for the reason that a jury trial was waived, and the parties did not preserve their right to review questions of law arising on the evidence, by complying with section 649 of the Revised Statutes (Comp. St. § 1587). Trial by jury in actions at law is guaranteed by the Constitution (Amendments, art. 7), and is prescribed by the statutes of the United States (R. S. § 648 [Comp. St. § 1584]). Section 649 of the Revised Statutes provides that issues of fact may be tried without the intervention of a jury, "whenever the parties, or their attorneys of record, file with the clerk a stipulation in writing waiving a jury." When this statute is complied with by the filing of such written stipulation, a review may be had under section 700 of the Revised Statutes (Comp. St. § 1668) "not only of all questions inherent in the primary record, but also of all the rulings on the trial which were imported into that record by the bill of exceptions, and which were properly challenged." City of Cleveland v. Walsh Construction Co. (C. C. A.) 279 F. 57, and cases there cited. If the statute is not complied with, however, the judgment of the court is valid; but there can be no review in this court of any question that does not arise upon the primary record. Bond v. Dustin, 112 U. S. 604, 5 S. Ct. 296, 28 L. Ed. 835; City of Cleveland v. Walsh Construction Co., supra.

In such case, it is well settled that alleged errors in the admission or rejection of testimony cannot be reviewed. Bond v. Dustin, supra; Weems v. George, 13 How. 190, 196, 14 L. Ed. 108; Campbell v. Boyreau, 21 How. 223, 226, 16 L. Ed. 96. And it is equally well settled that, in case of a general finding by the court, the appellate court is without power to review the sufficiency of the evidence to sustain the finding. Fleischmann Const. Co. v. United States, 270 U. S. 349, 46 S. Ct. 284, 70 L. Ed. 624; Law v. United States, 266 U. S. 494, 45 S. Ct. 175, 69 L. Ed. 401. As said in the case last cited: "Neither the evidence, nor the questions of law presented by it, were reviewable by the Court of Appeals. To inquire into the facts and the conclusions of law on which the judgment of the lower court rests was not permissible."

[5] There is some question as to whether in cases where there is a special finding of facts by the trial judge, upon a waiver of a jury trial without written stipulation, it is permissible for the appellate court to review the findings of fact to determine whether they support the judgment entered. Law v. U. S., supra; Cleveland v. Walsh Const. Co., supra; Swift v. Jones, 145 F. 489, 76 C. C. A. 253; Crouch v. U. S. (C. C. A.) 8 F.(2d) 435. But that question does not arise here, as there was no special finding of facts made by the judge. The statement of facts contained in his opinion cannot be treated as a special finding for the purpose of determining whether the facts found support the judgment. Fleischmann Const. Co. v. U. S., supra; British Queen Mining Co. v. Baker Silver Mining Co., 139 U. S. 222, 11 S. Ct. 523, 35 L. Ed. 147; U. S. v. Sioux City Stock Yards Co. (C. C. A. 8th) 167 F. 126, 92 C. C. A. 578.

[6] The assignment of error relating to the amendment of the declaration presents no question for review, as it was clearly within the discretion of the trial judge to permit an amendment. This leaves nothing to be determined except the questions raised by the demurrer; but, as the declaration sets forth the facts very fully, we can dispose of the case upon the merits in dealing with these questions.

[7, 8] We quite agree with the proposition that the right of plaintiff to recover on the claims sued on is no greater than that of the laborers and materialmen whose claims were assigned; but we think that it is clear that these laborers and materialmen would have been entitled to recover if the action had been instituted by them prior to the assignment. When the bond is read in connection with the contract, which is expressly made

a part of it, we have not a mere indemnity agreement guaranteeing plaintiff against loss from breach of contract on the part of the contractor, but a contract of suretyship, in which defendant undertakes that the contractor will faithfully perform his contract and will pay all subcontractors and labor and material bills. The bond itself provides that it shall be construed as one of suretyship; and the contract (by reference made a part of the bond) provides not only that the contractor shall provide and pay for all labor and materials, but also that the bond to be furnished shall "guarantee the faithful performance of the contract and the payment of all subcontractors, and labor and material bills."

[9, 10] Under the law of West Virginia, a public building is not subject to liens created under the mechanic's lien statute (Code W. Va. c. 75, § 2 et seq.) Moss Iron Works v. County Court, 89 W. Va. 367, 109 S. E. 343, 26 A. L. R. 319. And section 12 of chapter 75 of the Code of West Virginia, quoted above, was manifestly intended to require a bond for the protection of those furnishing labor and materials on public buildings, in lieu of the protection afforded by the lien statute in other cases. The bond must be construed in the light of this statute, and, without deciding that the provisions of the statute for the protection of laborers and materialmen would be incorporated into the bond, in contravention of its express provisions, there can be no doubt that the bond should be liberally construed to effect the purpose of the statute. Illinois Surety Co. v. John Davis Co., 244 U. S. 376, 37 S. Ct. 614, 61 L. Ed. 1206; Hill v. American Surety Co., 200 U. S. 197, 26 S. Ct. 168, 50 L. Ed. 437; Chambers v. Cline, 60 W. Va. 598, 55 S. E. 999. When the bond is so construed, and the provisions of the contract are read into it, it is clear that it guarantees the payment of the claims of laborers and materialmen. To hold otherwise would deny all force and effect to the provision of the contract incorporated in the bond, that it should "guarantee the faithful performance of the contract and the payment of all subcontractors and labor and material bills," would convict the plaintiff of violating the statute above quoted, and would place the defendant in the absurd position of executing a bond in violation of the terms of a contract and at the same time incorporating the contract in the bond.

[11] As this is the proper construction of the bond, we think that there can be no question as to the right of plaintiff, as assignee of the claims of laborers and materialmen, to maintain this action upon it. Where a bond merely guarantees the performance of a contract which provides that the contractor shall pay laborers and materialmen, they may maintain a suit on the bond, although not mentioned in the bond itself. Dixon v. Horne, 180 N. C. 585, 105 S. E. 270; Scheflow v. Pierce, 176 N. C. 91, 97 S. E. 167; Orinoco Supply Co. v. Shaw Bros. Lumber Co., 160 N. C. 428, 76 S. E. 273, 42 L. R. A. (N. S.) 707. In this case, however, the incorporation of the contract in the bond brings laborers and materialmen within the protection of the very wording of the bond, for the express provision is that the bond shall "guarantee * * * the payment of all * * * labor and material bills." There would seem to be no doubt of their right or the right of their assignee to recover under the express provisions of the statute. Section 12, c. 75, of the Code, quoted above.

[12] It is insisted, however, that paragraph 11 of the bond prevents this suit by plaintiff as assignee of laborers and materialmen. We think not. It is true that paragraph 11 does provide that "no right of action shall accrue upon or by reason hereof, to or for the use or benefit of any one other than the obligee herein." But section 12 of chapter 75 of the Code, heretofore quoted, expressly provides that bonds given pursuant thereto, and the sureties thereon, shall be responsible to laborers or materialmen, or their assigns, for the full amount of their claims; and, in so far as paragraph 11 attempts to provide that no right of action shall accrue to or for the use or benefit of any one other than the obligee under the bond, it is contrary to the statute and to the public policy of the state as expressed therein, and is therefore void. Ingold v. City of Hickory, 178 N. C. 614, 101 S. E. 525, and cases therein cited.

There was no error, and the judgment of the District Court is affirmed.

Affirmed.